# IN THE COURT OF APPEALS OF IOWA

No. 19-1292
Filed November 27, 2019

IN THE INTEREST OF T.N.,
Minor Child,

C.L., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**

Neill A. Kroeger, LeClaire, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Barbara Maness, Davenport, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., Greer, J., and Carr, S.J.* Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is sufficient evidence in the record to support termination of the mother's parental rights and none of the statutory provisions to avoid termination applies. Termination of the mother's rights is in the child's best interests. We affirm the juvenile court.

## I.    Background Facts & Proceedings

C.L., mother, and S.G., father, are the parents of T.N., born in 2018. The child was born prematurely and tested positive for marijuana. There were concerns about the mother's ability to care for the child due to her mental health, substance use, and prior termination of parental rights.[1] The juvenile court removed the child from the parents' care and placed her with the purported paternal grandparents[2] on her release from the hospital on May 31.

The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(b), (c)(1), (c)(2), and (o) (2018). The mother had a psychiatric hospitalization in August because "[s]he became suicidal with thoughts of overdosing." She was advised to continue to take medication for her mental health. The mother was inconsistent in attending parenting sessions and visitation.

On January 2, 2019, the juvenile court continued the permanency hearing for ninety days to permit the father to establish a residence in Iowa. Due to health problems experienced by the purported paternal grandparents, the court

---

[1] The juvenile court previously terminated the mother's parental rights to two older children, and a third child was involved in juvenile court proceedings.

[2] Later paternity testing showed their son was not the father of T.N.

determined the child should be placed in foster care. The mother had been sporadically attending an outpatient treatment program for substance use but was unsuccessfully discharged in March with the note, "Treatment is not a priority at this time."

The State filed a petition seeking to terminate the parents' rights on April 10. At the termination hearing, the mother stated she had been using heroin daily until April 11 when she entered another treatment program. She was unsuccessfully discharged from that program about a week before the termination hearing. The mother testified she recently obtained an apartment in Illinois and started employment. She requested more time to work on reunification.

The juvenile court terminated the mother's rights under section 232.116(1)(d), (g), (h), and (i) (2019).[3] The court found, "The mother continues to have issues with regard to her substance abuse," and "The mother has not addressed her mental health issues." The court found the mother lacked credibility. The court concluded the child could not be returned to the mother's care and termination was in the child's best interests. The mother appeals the juvenile court's order.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted).

---

[3] The juvenile court also terminated the father's rights. He has not appealed.

Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.  Sufficiency of the Evidence

The mother claims there is insufficient evidence in the record to support termination of her parental rights. When the juvenile court terminates a parent's rights on more than one ground, "we need to find facts to support just one of the grounds" in order to affirm. *In re J.E.*, 907 N.W.2d 544, 546 (Iowa Ct. App. 2017). On appeal, we will concentrate on termination under section 232.116(1)(g).

A parent's rights may be terminated under section 232.116(1)(g) when the juvenile court finds:

> (1) The child has been adjudicated [CINA] pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

First, the child was adjudicated CINA on July 12, 2018. Second, the mother's parental rights to two older children were terminated on March 12, 2013. Third, there were concerns in the prior cases about the mother's mental health and substance use. The termination petition filed in January 2013 stated the mother "has not been successful at any of the treatment facilities due to her not following the rules and policies of the programs." The petition also alleged the mother had not been cooperating with services. These same concerns are present today. The

mother was unsuccessfully discharged from the ninth program for treatment of substance use and she did not address her mental-health issues. Additionally, the court found the mother did not participate in the case plan throughout the proceedings. We find "[t]here is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation." *See* Iowa Code § 232.116(1)(g)(3). Fourth, the evidence shows an additional period of rehabilitation would not correct the mother's problems. The mother has received services for many years but has not been able to resolve the issues that prevent the return of the child to her care. We find there is clear and convincing evidence to show the situation would not be corrected if the mother was given an additional period of time.

## IV. Closeness of the Parent-Child Relationship

The mother asserts the juvenile court should not have terminated her parental rights because termination would be detrimental to the child based on the closeness of the parent-child relationship. *See id.* § 232.116(3)(c). A court may decline to terminate parental rights if the court finds "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *Id.*

The provisions of section 232.116(3) "are permissive, not mandatory." *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). "We may use our discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'" *Id.* (citation omitted).

The juvenile court did not apply the provisions of section 232.116(3) to decline to terminate the mother's parental rights. We also determine none of the circumstances outlined in section 232.116(3) applies. The evidence does not show termination of the mother's parental rights would be detrimental to the child. We conclude termination of the mother's rights is in the child's best interests.

We affirm the decision of the juvenile court.

**AFFIRMED.**